IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MILTON LEE,**
                        **Plaintiff,**

         v.                           CASE NO.  12-3220-SAC

**STATE OF KANSAS,
et al.,**

                        **Defendants.**

### O R D E R

This pro se civil complaint was filed pursuant to 42 U.S.C. § 1983.  Plaintiff has also filed a Motion for Leave to Proceed in forma pauperis.  Although plaintiff's address suggests that he was not confined at the time this action was filed; the claims he raises concern his prior imprisonment.  Having considered the materials filed, the court finds as follows.

Plaintiff names three defendants:  State of Kansas, Richard Jones, and Ray Roberts.  As the factual background for his complaint, he describes two incidents as follows.  On November 17, 2011, defendant Jones, while acting as plaintiff's court-appointed attorney, "did not object to the withholding of 120 days of jail time credits . . . from the sentence imposed in *State v. Lee*, Case No. 10-2087."[1]  The credits were "authorized by K.S.A. 21-4614."  The

---

1    The court takes judicial notice of the docket sheet in *State v. Milton*, Case No. 10 CR 2087, in which Mr. Lee was charged with criminal threat in the District

1

case was "for a direct criminal contempt which was purged on June 16, 2011."

On January 20, 2012, defendant Roberts, acting as Secretary of Corrections for the State of Kansas, "withheld 102 days of good time" credits from the above-referenced sentence that were authorized by K.S.A. 21-4614. The credits were withheld "for disciplinary conviction from the Shawnee County Jail." Plaintiff complains that "all county jails in the State of Kansas do not have a disciplinary process" for withholding good time credits that complies with due process.

Plaintiff cites the 14th Amendment and asserts that he was deprived of liberty without due process and denied equal protection of the law. He seeks one million dollars in damages.

Mr. Lee has previously been designated a three-strikes litigant. *See Lee v. Scharf*, Case No. 04-3312-GTV (D.Kan. Oct. 28, 2004)(and cases cited therein.). In addition, he has had filing restrictions imposed in at least one case in this court. *See Lee v. City of Topeka*, 10-4126-CM-JPO (D.Kan. Oct. 20, 2011). Because Mr. Lee seeks to proceed in forma pauperis, the court proceeds to screen the complaint.

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."

---

Court of Shawnee County, Kansas. The court also takes notice of *Lee v. State of Kansas*, Case No. 11-3167 (D.Kan. Oct. 26, 2011), in which Mr. Lee sought, without success, to challenge his arrest and to have this court enjoin his state criminal prosecution.

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).  The court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  Nevertheless, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  Put another way, there must be "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Id.* at 555.  Having screened all materials filed, the court finds that this complaint is subject to being dismissed for the following reasons.

The State of Kansas is absolutely immune to suit for money damages.  Accordingly, this action states no viable claim and must be dismissed as against the State of Kansas.

This suit is also subject to being dismissed as against defendant Jones. "To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution or law of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A court-appointed attorney does not act under color of state law. Accordingly, this action states no viable claim and must be dismissed as against defendant Jones.

Plaintiff's claim against defendant Roberts is subject to being dismissed because Mr. Lee utterly fails to allege any facts indicating that defendant Roberts violated his federal constitutional rights. Plaintiff does not provide dates and describe other circumstances regarding the alleged withholding of good time credit. Nor does he explain why the withholding was unconstitutional. In any event, plaintiff is barred from seeking money damages on a claim of unlawful withholding of sentence credit unless and until he has had the administrative decision to withhold such credit overturned. Mr. Lee does not allege facts showing that he successfully had good time credit restored through the proper administrative process. Nor does he show that he has exhausted any claim regarding his sentence credit in the state courts.

For the foregoing reasons, the court finds that plaintiff fails to state a federal constitutional claim against any of the named

defendants.  Plaintiff is given time to show cause why this action should not be dismissed.  If he fails to show good cause within the time allotted, this action may be dismissed without further notice.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is given thirty (30) days in which to show cause why this action should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

Dated this 16th day of November, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge